UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFERY ROBERTS, | |
| Petitioner, | |
| v. | CAUSE NO. 3:19-CV-1181-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Jeffery Roberts, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-19-9-145) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possessing a cellphone in violation of Indiana Department of Correction Offense 121. Following a disciplinary hearing, he was sanctioned with a loss of ninety days earned credit time.

In the petition, Roberts argues that he is entitled to habeas relief because correctional staff did not follow the timelines set forth in the departmental policy for drafting the conduct report, screening, and holding the hearing. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). This notice must be given no less than twenty-four hours before the hearing. *Id.* Roberts received a copy of the conduct report notifying him of the disciplinary charge six days before the hearing. ECF 9-7. Moreover, the failure to follow departmental policy does not rise to the level of

a constitutional violation. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, the claim that he received inadequate notice is not a basis for habeas relief.

Roberts also argues that he is entitled to habeas relief because he asked to present exculpatory surveillance video recordings and they were not provided. Generally, State prisoners must exhaust State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2554. To avoid procedural default," a habeas petitioner must fully and fairly present his federal claims to the state courts." *Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001). "Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Id.* However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002).

In his administrative appeal, Roberts complained of inadequate notice and inadequate documentation using clear, complete sentences with legal parlance and few grammatical errors. ECF 9-11. On the appeal form, he also wrote "not being able to view the camera" and two other illegible words outside the margins of the space provided to state the reasons for the appeal. "Not being" and the two illegible words are struck through as if Roberts intended for the reviewer to disregard them. This sentence

2

fragment is vague and does not clearly state a basis for appeal. Further, the context of the sentence fragment strongly indicates that Roberts did not intend to assert this claim on administrative appeal given the stark contrast in clarity when compared to his other arguments. Because Roberts did not afford correctional officials a meaningful opportunity to consider his claim, the court finds that he did not fairly present it. Therefore, Roberts failed to exhaust administrative remedies, and the court cannot grant habeas relief on this claim.

Because Roberts has not asserted a valid claim for habeas relief, the habeas petition is denied. If Roberts wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jeffery Roberts leave to proceed in forma pauperis on appeal.

SO ORDERED this March 25, 2021.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge